UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC Q. VEGA,<br><br>                    Petitioner,<br><br>          v.<br><br>DEAN BORDERS,<br><br>                    Respondent. | Case No. EDCV 17-1952 MWF(JC)<br><br>ORDER TO SHOW CAUSE WHY<br>THIS ACTION SHOULD NOT BE<br>DISMISSED AS TIME-BARRED |

On September 19, 2017, petitioner signed and is deemed to have constructively filed[1] a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), which was formally filed on September 26, 2017.  The Petition challenges petitioner's 2007 conviction in Riverside County Superior Court.  (Petition at Page ID #2).[2]  Petitioner appears to claim:  (1) his trial counsel was ineffective because he did not "keep[] the chain of evidence unbroken"; (2) the prosecution violated the Sixth Amendment, misled the jury, committed a

---

[1]See Houston v. Lack, 487 U.S. 266, 276, (1988).

[2]As the pages of the Petition are not sequentially numbered, the Court refers to the Page ID #s for the Petition (Docket No. 1) reflected in the Case Management/Electronic Case Filing System (CM/ECF).

1

Brady[3] violation and "broke the chain of evidence" by not introducing a forensic examination relating to the claim of vaginal penetration by the child/alleged victim; (3) the evidence was insufficient to support a rape conviction without a forensic medical examination; (4) "suppression of [a] medical report that would disprove[] no violation of Penal Code 667.5(c)[,] 667.5" because no forensic examination was performed on the child/alleged victim;[4] and (5) prosecutorial misconduct predicated on the prosecutor's failure to prove vaginal penetration and the presentation of the child's false and uncorroborated statement regarding the same. (Petition at Page ID ##17, 49). Based upon the Petition and California State Court dockets as to which the Court has taken judicial notice,[5] and for the reasons discussed below, the Court orders petitioner to show cause why the Petition should not be dismissed as time-barred.

Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to a petition for a writ of habeas corpus by a person in state custody. The limitation period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

---

[3]Brady v. Maryland, 373 U.S. 83, 87 (1963).

[4]California Penal Code section 667.5 generally provides for specified enhancements of prison terms for new offenses because of specified prior prison terms. Cal. Penal Code § 667.5. California Penal Code section 667.5(c) defines the term "violent felony" for purposes of such statute, and includes rape (Cal. Penal Code §§ 261(a)(2), 261(a)(6), 262(a)(1), 262(a)(4)), oral copulation (Cal. Penal Code §§ 288a(c), 288a(d)), and lewd or lascivious acts (Cal. Penal Code §§ 288(a), 288(b)). Cal. Penal Code § 667.5(c).

[5]The Court takes judicial notice of the dockets of the following California cases, available via http://appellatecases.courtinfo.ca.gov: (1) The People v. Isaac Vega, California Court of Appeal, Fourth District, Division 2 ("Court of Appeal"), Case No. E043801; (2) People v. Vega, California Supreme Court Case No. S166005; (3) In re Isaac Vega on Habeas Corpus, Court of Appeal Case No. E067632; and (4) Vega (Isaac Q.) On H.C., California Supreme Court Case No. S241790. See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, it appears that petitioner had one year from the date his conviction became final to file a federal habeas petition as all of his claims appear to be predicated on the absence of/the failure to present evidence of a forensic medical examination of the alleged child victim – a predicate which would have been contemporaneously known to petitioner give his presence at trial.[6] Petitioner's conviction became final on December 30, 2008 – ninety days after the California Supreme Court denied review on direct appeal (on October 1, 2008) – when the time to file a petition for a writ of certiorari with the United States Supreme Court expired. See Jimenez v. Quarterman, 555 U.S. 113, 119 (2009) ("direct review cannot conclude for purposes of § 2244(d)(1)(A) until the availability of direct appeal to the state courts, and to this Court, has been exhausted") (internal citations omitted); Zepeda v. Walker, 581 F.3d 1013, 1016 (9th Cir. 2009) (period of "direct review" after which state conviction becomes final for purposes of section 2244(d)(1)(A) includes the 90-day period during which the state prisoner can seek a writ of certiorari from the United States

---

[6]Petitioner attaches and appears to refer to the Probation Officer's Report (Petition ID ## 18-36), filed in the underlying state case on July 27, 2007, which reflects that the alleged child victim was taken to a medical center for a forensic examination and that the social worker authorized deputies to release her back to her mother's custody after the forensic exam, but otherwise reflects no information regarding such an examination having been performed or the results thereof. (Petition at Page ID #21).

3

Supreme Court) (citing Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999)).

Therefore, the statute of limitations commenced to run on December 31, 2008, and absent tolling, expired on December 30, 2009.

Title 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year statute of limitations period.  Petitioner "bears the burden of proving that the statute of limitations was tolled."  Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010), cert. denied, 131 S. Ct. 3023 (2011).  The statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case pending during that interval.  Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) (citations omitted).  The record does not reflect that petitioner either filed, or had pending any state habeas petition during the period in which the statute of limitations was running – December 31, 2008 to December 30, 2009.  Rather, it appears that petitioner commenced seeking state habeas relief on April 26, 2016 – more than six years later – when he filed a habeas petition in the Riverside County Superior Court.  (Petition at Page ID ##4-5).  He later filed another habeas petition in Riverside County Superior Court (Petition at Page ID ##4-5) and habeas petitions in the California Court of Appeal (Case No. E067632) and the California Supreme Court (Case No. S241790).  On July 12, 2017, the California Supreme Court denied petitioner's most recent state habeas petition in Case No. S241790 with a citation to In re Robbins, 18 Cal. 4th 770, 780 (1998) (courts will not entertain habeas corpus claims that are untimely).  Petitioner's late-filed state habeas petitions cannot toll the statute of limitations.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) (section 2244(d) does not permit reinitiation of limitations period that ended before state petition filed), cert. denied, 540 U.S. 924 (2003).

///

1    Consequently, it does not appear that statutory tolling can render the Petition

2    timely filed.

3         In addition to statutory tolling, the limitations period may also be subject to

4    equitable tolling if petitioner can demonstrate both that:  (1) he has been pursuing

5    his rights diligently; and (2) some extraordinary circumstance stood in his way.

6    Holland v. Florida, 560 U.S. 631, 649 (2010).  It is a petitioner's burden to

7    demonstrate that he is entitled to equitable tolling.  Miranda v. Castro, 292 F.3d

8    1063, 1065 (9th Cir.), cert. denied, 537 U.S. 1003 (2002).  To date, it does not

9    appear from the face of the Petition or the current record that petitioner has met

10   such burden.

11        Finally, in rare and extraordinary cases, a plea of actual innocence can serve

12   as a gateway through which a petitioner may pass to overcome the statute of

13   limitations otherwise applicable to federal habeas petitions.  McQuiggin v.

14   Perkins, 133 S. Ct. 1924, 1928 (2013); see also Lee v. Lampert, 653 F.3d 929,

15   934-37 (9th Cir. 2011) (en banc).  "[A] petitioner does not meet the threshold

16   requirement unless he [or she] persuades the district court that, in light of the new

17   evidence, no juror, acting reasonably, would have voted to find him [or her] guilty

18   beyond a reasonable doubt."  Id. (quoting Schlup v. Delo, 513 U.S. 298, 329

19   (1995)).  In order to make a credible claim of actual innocence, a petitioner must

20   "support his allegations of constitutional error with new reliable evidence –

21   whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or

22   critical physical evidence – that was not presented at trial."  Schlup, 513 U.S. at

23   324.  The habeas court then "consider[s] all the evidence, old and new,

24   incriminating and exculpatory, admissible at trial or not."  Lee, 653 F.3d at 938

25   (internal quotations omitted; citing House v. Bell, 547 U.S. 518, 538 (2006)).  On

26   this record, the court "must make a 'probabilistic determination about what

27   reasonable, properly instructed jurors would do.'"  House, 547 U.S. at 538

28   (quoting Schlup, 513 U.S. at 329).  Unexplained or unjustified delay in presenting

new evidence is a "factor in determining whether actual innocence has been reliably shown." Perkins, 133 S. Ct. at 1928, 1935; Schlup, 513 U.S. at 332 ("A court may consider how the timing of the submission and the likely credibility of a [petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence]."). Here, notwithstanding petitioner's apparent reliance on the foregoing actual innocence gateway and his recitation that his claims are based on "newly discovered evidence" (Petition at Page ID #54), he thus far fails to identify any such "newly discovered evidence," let alone, provide new, reliable evidence to cast doubt on his conviction so as to permit the Court to consider his apparently otherwise time-barred claims.[7]

For the reasons discussed above, based upon the Petition as currently submitted, 28 U.S.C. § 2244(d)(1) appears to bar this action. Petitioner is therefore ORDERED TO SHOW CAUSE by not later than **October 25, 2017** why this action should not be dismissed as time-barred. Petitioner is advised that he has the right to submit declarations, affidavits, or any other relevant evidentiary materials with his response to this Order to Show Cause. All affidavits and declarations must be signed under penalty of perjury by persons having personal knowledge of the facts stated in the affidavits or declarations.

Instead of filing a response to the instant Order to Show Cause, petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). If he elects to proceed in that manner, he may sign and return the attached Notice of Dismissal. However, petitioner is advised that any dismissed claims may later be subject to dismissal with prejudice as time-barred under 28 U.S.C. § 2244(d)(1).

///

---

[7]To the extent it is petitioner's contention that the Probation Officer's Report constitutes "newly discovered evidence," he is mistaken as the contents of such report were available to the defense in connection with his sentencing in 2007.

Petitioner is cautioned that the failure timely to respond to this Order to Show Cause and/or to show good cause may result in the dismissal of this action based upon petitioner's claims being time-barred, petitioner's failure to comply with the Court's orders, and/or petitioner's failure to prosecute.

IT IS SO ORDERED.[8]

DATED:   October 5, 2017


_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[8]The Court's determinations and order herein constitute non-dispositive rulings on pretrial matters.  To the extent a party disagrees with such non-dispositive rulings, such party may file a motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1. To the extent a party believes the rulings to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that the rulings are non-dispositive within fourteen (14) days.  A party will be foreclosed from challenging the rulings herein if such party does not seek review thereof, or object thereto.